IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHIH-WEN CHUNG,                          )
an individual and a Taiwanese Citizen,   )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )       C.A. No. 04-1451 SLR
                                         )
LUMATEC INDUSTRIES, INC.,                )
a corporation organized under the laws   )
of Texas,                                )
                                         )
              Defendant.                 )

**OPENING BRIEF OF DEFENDANT LUMATEC INDUSTRIES, INC.
IN SUPPORT OF ITS RENEWED MOTION TO DISMISS OR TRANSFER**

David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for defendant
Lumatec Industries, Inc.

Dated: April 13, 2005

**TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS ............................ 1

STATEMENT OF FACTS ................................................ 2

ARGUMENT ......................................................... 5

I.    THERE IS NO BASIS FOR THIS COURT TO ASSUME PERSONAL
      JURISDICTION OVER LUMATEC IN DELAWARE .................... 5

      A.    LUMATEC DOES NOT TRANSACT ANY BUSINESS IN DELAWARE
            THAT GIVES RISE TO PERSONAL JURISDICTION ............. 5

            1.    There Is No Basis For Personal Jurisdiction Under a "Stream Of
                  Commerce" Analysis .................................... 6

            2.    Lumatec's Web Sites Do Not Justify Personal Jurisdiction ..... 7

      B.    LUMATEC DID NOT CAUSE TORTIOUS INJURY IN DELAWARE BY
            AN ACT OR OMISSION IN DELAWARE ....................... 8

      C.    LUMATEC DOES NOT ENGAGE IN A PERSISTENT COURSE OF
            CONDUCT IN DELAWARE ................................. 9

      D.    LUMATEC SHOULD BE AWARDED ITS ATTORNEY'S FEES
            BECAUSE OF PLAINTIFF'S UNJUSTIFIED ATTEMPT TO EXERCISE
            PERSONAL JURISDICTION IN DELAWARE ................... 10

II.   THIS ACTION SHOULD BE TRANSFERRED TO TEXAS ............. 14

CONCLUSION ....................................................... 17

i

## TABLE OF AUTHORITIES

**Cases**

**Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.**, 295 F.Supp.2d 400 (D. Del. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Bensuan Restaurant Corp. v. King**, 937 F.Supp. 295 (S.D.N.Y. 1996) . . . . . . . . . . . 9

**Clopay Corp. v. Newell Companies, Inc.**, 527 F.Supp. 733 (D. Del. 1981) . . . . . . . 15

**Computer People, Inc. v. Best International Group, Inc.**, C.A. 16648, 1999 WL 28819, Jacobs, V.C. (Del. Ch. Apr. 27, 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Espeed, Inc. v. Brokertec USA, L.L.C.**, C.A. No. 03-612-KAJ, 2004 WL 2346137, Jordan, J. (D. Del. Sept. 13, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**ICT Pharmaceuticals, Inc. v. Boehringer Ingleheim Pharmaceuticals, Inc.**, 147 F. Supp.2d 268 (D. Del. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

**Intel Corp. v. Silicon Storage Technology, Inc.**, 20 F.Supp.2d 690 (D. Del. 1998) . . . 9

**Joint Stock Society v. Heublein**, 936 F.Supp. 177 (D. Del. 1996) . . . . . . . . . . . . . . . . 5

**Jumara v. State Farm Ins. Co.**, 55 F.3d 873 (3rd Cir. 1995) . . . . . . . . . . . . . . . . . . . . 14

**Lanier v. American Bd. of Endodontics**, 843 F.2d 909 (6th Cir. 1998) . . . . . . . . . . . 6

**Lee v. Ohio Casualty Ins. Co.**, 445 F.Supp. 189 (D. Del. 1978) . . . . . . . . . . . . . . . . . 14

**Mendelson v. Delaware River & Bay Authority**, 56 F.Supp.2d 436 (D. Del. 1999) . . . 6

**Moore v. Little Giant Industries, Inc.**, 513 F.Supp. 1043 (D. Del. 1981), *aff'd mem.*, 681 F.2d 807 (3rd Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Reynolds and Reynolds Holdings, Inc. v. Data Supplies, Inc.**, 301 F.Supp.2d 545 (E.D. Va. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Sears, Roebuck & Co. v. Sears plc**, 744 F.Supp. 1289 (D. Del. 1990) . . . . . . . . . . . . . 9

**Slocum Enterprises, Inc v. New Generation Devices**, No. CV-04-201-HU, 2004 WL 1879886, Hubel, M.J. (D. Or. Aug. 23, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Societe Commerciale de Transports Transatlantiques (S.C.T.T.) v. S.S. "African Mercury"**, 366 F.Supp. 1347 (S.D.N.Y. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**The Original Creatine Patent Company, Ltd. v. Kaizen, Inc.**, C.A. No. 02-471-SLR, 2003 WL 179996, Robinson, J. (D. Del. Jan. 22, 2003) . . . . . . . . . . . . . . . . . . . . . . 14-15

**Trintec Industries, Inc. v. Pedre Promotional Products, Inc.**, 395 F.3d 1275 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Wafios Machinery Corp. v. Nucoil Industries Co., Ltd.**, No. 03 cv 9865 (RWS), 2004 WL 1627168, Sweet, J. (S.D.N.Y. July 24, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Other authorities**

10 **Del. C.** §3104 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10 **Del. C.** §3104(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10 **Del. C.** §3104(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

10 **Del. C.** §3104(c)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

28 **U.S.C.** §1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Fed. R. Civ. P. 33(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Civ. P. 4(e)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Chih-Wen Chung filed this action for patent infringement on November 16, 2004, against Lumatec Industries, Inc., a Texas corporation ("Lumatec"). (D.I. 1).

On December 28, 2004, Lumatec filed a Motion to Dismiss or Transfer (the "Motion"). (D.I. 6). On February 18, 2005, after briefing on the Motion was completed, the Court issued an Order denying the Motion without prejudice after engaging in jurisdictional discovery. The Court further set a deadline for jurisdiction discovery and a deadline for renewing the Motion. (D.I. 10).

On April 13, 2005, Lumatec filed a Renewed Motion to Dismiss or Transfer (the "Renewed Motion"). This is Lumatec's opening brief in support of the Renewed Motion.

1

## STATEMENT OF FACTS

Plaintiff Chih-Wen Chung ("Chung"), a citizen of Taiwan, Republic of China, claims to be the owner of U.S. Patents 5803584, 651199 and D415944, some or all of which he claims are embodied in a product called the "Octopus."

Lumatec is a Texas corporation with its office in Austin, Texas. Lumatec designs, manufactures and sells functional lighted products and executive gifts.

Lumatec markets its products to consumers (including individuals and business consumers) and to retailers. For individual consumers, Lumatec offers sales through a web site, www.lumatec.com. Individual consumers are able to purchase products at retail prices from that web site. Sales from that web site account for less than 1% of Lumatec's annual sales. The Octopus was never advertised on that site. (Altman Decl. ¶5; Supp. Altman Decl. ¶4).[1]

For retailers, Lumatec markets its product through a catalogue and through the web site www.logolights.com. That web site is advertising only, and viewers are not able to purchase products directly from that site. The Octopus was advertised on that site from January through October, 1994. (Supp. Altman Decl. ¶5).

Lumatec's web sites were not created in Delaware and are not hosted in Delaware. (Supp. Altman Decl. ¶6).

---

[1]

The Declaration of Peter Altman, previously submitted with Lumatec's Opening Brief in Support of its Motion to Dismiss or Transfer (D.I. 7), is appended hereto as Exhibit A and cited to herein as "Altman Decl. ¶___." The Supplemental Declaration of Peter Altman is appended hereto as Exhibit B and cited to herein as "Supp. Altman Decl. ¶___." Lumatec's Answers to Interrogatories are appended hereto as Exhibit C and cited to herein as "Int. Ans. ___."

The Octopus has never been advertised in Lumatec's standard catalogue that is mailed to retailers. (Supp. Altman Decl. ¶7). However, in 2004 Lumatec published a one-time premium edition catalogue that contained an advertisement for the Octopus, which was sent to various companies. Although Lumatec did not keep records as to who was sent this catalogue, Lumatec believes that one copy was sent to Delaware. (Supp. Altman Decl. ¶8).

Lumatec has had a handful of consumer customers in Delaware, none of whom purchased the Octopus from Lumatec:

Stamford Screenprinting of Greenville, DE (last sale date January 6, 2005);

Vision Creations of Wilmington, DE (last sale date July 25, 2003);

Marketing Solutions of Middletown, DE (last sale date September 17, 2001);

Jordan Marketing, Inc. of Wilmington, DE (last sale date April 27, 2001);

G&G Outfitters, Inc. of Newark, DE (last sale date January 8, 2001);

Joseph W. Small Associates of Wilmington, DE (last sale date November 7, 2000);

Reminders of Newark, DE (last sale date September 10, 1999);

A Lasting Impression of Wilmington, DE (last sale date May 13, 1999);

Browseabout Shops, Inc., Rehoboth Beach, DE (first sale date April 1995);

University of Delaware Bookstore, Newark, DE (all sales 2004);

Billie's By The Beach, Lewes, DE (all sales in last quarter of 2004); and

Everything But The Kitchen Sink, Hockessin, DE (all sales in 2004).

(Supp. Altman Decl. ¶2).

Lumatec's sales to Delaware accounted for 0.04 of its total sales in 1996, 0.13% of its total sales in 1997, 0.12% of its total sales in 1998, 0.2218% of its total sales in 1999,

0.1417% of its total sales in 2000, 0.3914% of its total sales in 2001, 0.4725% of its total sales in 2002, 0.2736% of its total sales in 2003, and 0.26% of its total sales in 2004. (Supp. Altman Decl. ¶3).

None of Lumatec's manufacturers or suppliers are located in Delaware.  Lumatec has no distributors in Delaware or anywhere, as it distributes its products itself.  Lumatec does not have any sales personnel who either live in Delaware, call upon Delaware prospects or service accounts in Delaware.  (Int. Ans. at 2).

Lumatec does not have any contracts, licenses, assignments and/or other agreements, including service contracts with any person or entity in Delaware, or which require performance by Lumatec in Delaware. (Int. Ans. at 3).

None of Lumatec's employees or agents have traveled to Delaware on Lumatec's behalf in the past six (6) years. (Int. Ans. at 8).

Lumatec does not have, nor does it exercise, control over the sale of products by retailers who purchase products from it.  Lumatec has no knowledge of the parties to whom retailers sell products purchased from Lumatec (Int. Ans. at 8).

Lumatec does not own, use, possess and has not obtained an interest in real property in Delaware.  Nor has Lumatec contracted to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within Delaware at the time the contract was made.  (Altman Decl. ¶2).

It does not appear that the Octopus was ever sold in Delaware.  It is clear that it was never sold in or into Delaware by Lumatec.

4

**ARGUMENT**

I.    **THERE IS NO BASIS FOR THIS COURT TO ASSUME PERSONAL JURISDICTION OVER LUMATEC IN DELAWARE.**

The burden is on Mr. Chung to establish personal jurisdiction over Lumatec. **ICT Pharmaceuticals, Inc. v. Boehringer Ingleheim Pharmaceuticals, Inc.**, 147 F. Supp.2d 268, 270-71 (D. Del. 2001). To satisfy this burden, Mr. Chung must present facts which "'establish with reasonable particularity' that Lumatec is amenable to process under Fed. R. Civ. P. 4(e)(1) and the Delaware long-arm statute, 10 **Del. C.** §3104." **Id.** (quoting **Joint Stock Society v. Heublein**, 936 F.Supp. 177, 193 (D. Del. 1996)). If that burden is met, Mr. Chung must then demonstrate that the assertion of personal jurisdiction comports with constitutional notions of due process. **Id.**

As demonstrated below, after an opportunity for discovery, Mr. Chung is unable to meet the requirements of Delaware's long-arm statute, and so this action should be dismissed for lack of personal jurisdiction.

A.    **LUMATEC DOES NOT TRANSACT ANY BUSINESS IN DELAWARE THAT GIVES RISE TO PERSONAL JURISDICTION.**

A non-resident is subject to personal jurisdiction in Delaware if it "[t]ransacts any business or performs any character of work or service in this State." 10 **Del. C.** §3104(c)(1). This provision of the long-arm statute is a "specific jurisdiction" provision, meaning that the cause of action must arise from the business transacted. **See ICT Pharmaceuticals, Inc.**, 147 F.Supp.2d at 271 n.4.

The evidence is that Lumatec has not sold the Octopus in or into Delaware. Lumatec's sales into Delaware were unrelated to the Octopus, and so cannot be used to

bootstrap jurisdiction for claims relating to the Octopus.  As such, any argument attempting to apply Section 3104(c)(1) must fail.

        **1.**        **There Is No Basis For Personal Jurisdiction Under a "Stream Of Commerce" Analysis.**

Under the "stream of commerce" theory of jurisdiction, a non-resident may be subject to jurisdiction in Delaware if it places a product into the stream of commerce, with the intent and purpose of serving the Delaware market specifically, and the product ends up in Delaware.  **Id.** at 272.  The "'mere placement of a product into the stream of commerce with an awareness that it may end up in a particular state '[i]s not enough to establish minimum contacts'....Instead, the defendant must engage in some sort of 'additional conduct...[which] indicate[s] an intent or purpose to serve the market in the forum state.'" **Mendelson v. Delaware River & Bay Authority**, 56 F.Supp.2d 436, 441 (D. Del. 1999).  *Accord* **ICT Pharmaceuticals, Inc.,**  147 F.Supp.2d at 272.  A generalized plan to serve the national market is insufficient. *See* **Lanier v. American Bd. of Endodontics**, 843 F.2d 901, 918 (6th Cir. 1998).

Importantly to this case, as a prerequisite to invoking the stream of commerce theory of jurisdiction, there must be evidence that a sale of the product occurred in Delaware. *See* **Reynolds and Reynolds Holdings, Inc. v. Data Supplies, Inc.**, 301 F.Supp.2d 545, 553 (E.D. Va. 2004).

As noted above, the unrefuted evidence is that Lumatec has not sold any of the product in Delaware.  Thus, at the outset, the burden is on Mr. Chung to demonstrate that the product was, in fact, sold, in Delaware from another source that purchased it from Lumatec.

Even assuming that Mr. Chung shows that an Octopus ended up in Delaware, he cannot show the existence of an established chain of distribution.  Lumatec sold the Octopus to retail stores outside of Delaware, which are the last link in any chain of distribution before sale to the consumer.  The uncontradicted evidence is that Lumatec had no knowledge of how and to whom those retail outlets marketed and sold the Octopus, and played no role in such marketing and sales.  The mere fact of sales, if any, in Delaware, does not of itself evidence participation in a chain of distribution.  Moreover, there is no evidence of an ongoing business relationship with any retailer.

Equally (if not more) importantly, there is no evidence that Lumatec specifically targeted the Delaware market, as opposed to the nationwide market.  In the absence of evidence that Lumatec itself specifically targeted Delaware, any argument based on a stream of commerce theory must fail.[2]

**2.    Lumatec's Web Sites Do Not Justify Personal Jurisdiction.**

As noted above, Lumatec has two websites.  The first, www.lumatec.com, is directed to consumers, and permits online sales, but never advertised the Octopus.  There is no evidence of any sales in Delaware from this site.

---

[2]    For similar reasons, the mailing of a single catalogue into Delaware containing an advertisement for the Octopus cannot be deemed to be targeting the Delaware market, where such catalogue was mailed out to a number of locations.  *See* **Slocum Enterprises, Inc v. New Generation Devices**, No. CV-04-201-HU, 2004 WL 1879886, WL Op. at *5, Hubel, M.J. (D. Or. Aug. 23, 2004) (where catalog is mailed to three customers in Oregon, there was "no indication that the magazine advertisement was purposefully directed at residents of Oregon, any more than residents of any other state, particularly in the absence of an Oregon distribution network, local sales force, or purely local advertising, factors often essential to a finding of personal jurisdiction on a 'stream of commerce' theory") (appended hereto as Exhibit D).

The second site, www.logolights.com, is directed toward retailers.  Although the Octopus was advertised on this site in 2004, the site does not permit online sales.  Mere accessibility to the web site, without any interactivity or sales of the Octopus, is insufficient to justify the exercise of personal jurisdiction over Lumatec. **Espeed, Inc. v. Brokertec USA, L.L.C.**, C.A. No. 03-612-KAJ, 2004 WL 2346137, WL Op. at *3, Jordan, J. (D. Del. Sept. 13, 2004) (appended hereto as Exhibit E).

Moreover, to the extent that Mr. Chung argues that the Octopus is sold on third-party web sites, such activity cannot be imputed to Lumatec in the absence of evidence that Lumatec caused the Octopus to be advertised on any third-party web sites. **Trintec Industries, Inc. v. Pedre Promotional Products, Inc.**, 395 F.3d 1275, 1281 (Fed. Cir. 2005).  There is no such evidence here.

Thus, the web sites do not establish a basis for personal jurisdiction over Lumatec.

### B.    LUMATEC DID NOT CAUSE TORTIOUS INJURY IN DELAWARE BY AN ACT OR OMISSION IN DELAWARE.

Pursuant to 10 **Del. C.** §3104(c)(3), a nonresident is subject to personal jurisdiction in Delaware if it "[c]auses tortious injury in this State by an act or omission in this State."  This section does not apply where the defendant's conduct took place outside of Delaware.  **Moore v. Little Giant Industries, Inc.**, 513 F.Supp. 1043, 1046 (D. Del. 1981), *aff'd mem.*, 681 F.2d 807 (3rd Cir. 1982).  As any conduct of Lumatec occurred outside of Delaware, this provision is inapplicable.

Additionally, a web site advertisement is not considered an "offer to sell" so as to constitute a tortious act under the long-arm statute.  ***See* Wafios Machinery Corp. v. Nucoil**

8

**Industries Co., Ltd.**, No. 03 cv 9865 (RWS), 2004 WL 1627168, WL Op. at *4, Sweet, J. (S.D.N.Y. July 24, 2004) (web site without capacity to order product does not constitute an "offer to sell" under traditional contract law principles) (appended hereto as Exhibit F).  ***See also* Bensuan Restaurant Corp. v. King**, 937 F.Supp. 295, 299 (S.D.N.Y. 1996) ("[t]he mere fact that a person can gain information on the allegedly infringing product [on a web site] is not the equivalent of a person advertising, promoting, selling or otherwise making an effort to target its product in New York").

Similarly, Mr. Chung may not rely on the fact that a single catalogue was mailed to Delaware, since, for the purpose of Section 3104(c)(3), the act of mailing would be deemed to be the wrongful act, and such act occurred outside of Delaware. **Sears, Roebuck & Co. v. Sears plc**, 744 F.Supp. 1289, 1294 (D. Del. 1990).   Similarly, in **Intel Corp. v. Silicon Storage Technology, Inc.**, 20 F.Supp.2d 690 (D. Del. 1998), the Court held that placing advertisements in national magazines, some of which were delivered to Delaware, did not constitute an "offer to sell" in Delaware, because the act of placing the advertisements in the magazines occurred outside of Delaware.  **Id.** at 698-99.

### C.    LUMATEC DOES NOT ENGAGE IN A PERSISTENT COURSE OF CONDUCT IN DELAWARE.

Under 10 **Del. C.** §3104(c)(4), a non-resident is subject to jurisdiction in Delaware if it "[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State."

9

Section 3104(c)(4) is a "general jurisdiction" provision, and the application of this section requires a higher level of activity that under one of the "specific jurisdiction" provisions, and may be applied only where a defendant has contacts with Delaware that are so extensive and continuing that it is fair and consistent with state policy to require the defendant to appear here and defend a claim. **Computer People, Inc. v. Best International Group, Inc.**, C.A. 16648, 1999 WL 28819, WL Op. at *7, Jacobs, V.C. (Del. Ch. Apr. 27, 1999) (appended hereto as Exhibit G). The non-resident defendant's contacts with Delaware must be judged as of the time the Complaint is filed. **Id.**

Mr. Chung cannot satisfy this test. First, Lumatec has had prior commercial dealings with only a handful of customers in Delaware, most of whom ceased doing business with Lumatec before the events giving rise to this lawsuit. Second, revenues derived from that handful of customers equaled less than 1% of Lumatec's total revenues. *See* **Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.**, 295 F.Supp.2d 400, 405 (D. Del. 2002) (less than 1% of revenues is inadequate to satisfy Section 3104(c)(4)). As such, it cannot be said that Lumatec regularly does or solicits business in Delaware or derives substantial revenue from services, or things used or consumed in Delaware.

### D.    LUMATEC SHOULD BE AWARDED ITS ATTORNEY'S FEES BECAUSE OF PLAINTIFF'S UNJUSTIFIED ATTEMPT TO EXERCISE PERSONAL JURISDICTION IN DELAWARE.

In Lumatec's briefing in connection with its original Motion to Dismiss or Transfer, Lumatec challenged Mr. Chung to submit evidence of any sale of the Octopus into Delaware from either Lumatec or one of the retail outlets to whom Lumatec sold the Octopus. Mr. Chung did not do so then, and Lumatec suspects that it cannot do so now. Plaintiff's

unjustifiable failure to dismiss this action while having no evidence of a single sale in Delaware warrants an award of attorney's fees.

In connection with the jurisdictional discovery, Lumatec propounded interrogatories to Mr. Chung, requesting that he identify what facts were in his possession at the time the Complaint was filed that would justify the exercise of personal jurisdiction over Lumatec. (Ex. B). Mr. Chung provided an unsworn response, *see* Fed. R. Civ. P. 33(b), appended hereto as Exhibit H, setting forth the following:

1.      "Defendant advertises its goods to Delaware consumers, and infringing products made by defendant and bearing defendant's tradename and trademarks are advertised, offered and sold by defendant's distributors/retailers/resellers (distributors) to Delaware consumers."  Mr. Chung has not identified any products sold to Delaware consumers, by Lumatec or any retailers (there are no distributors or "resellers").  Nor has he identified any advertising targeting Delaware specifically.  Thus, Mr. Chung's statements lack factual support.

2.      "Defendant sells infringing products to resellers who advertise and offer to re-sell infringing products to Delaware consumers."  The only advertising which Mr. Chung seems to be referring to is Internet web sites.  As demonstrated herein, neither Lumatec's web sites nor third party web sites justify the exercise of personal jurisdiction.

3.      "Defendant's distributors continue to sell infringing product to Delaware consumers."  Mr. Chung has not identified a single purchase of the Octopus in Delaware.  Moreover, Lumatec does not have any distributors.

11

4. "Defendant's resellers, including Solutions (PO Box 6878, Portland OR 97228 www.solutionscatalog.com), www.promopeedler.com (Sells "Lumatec ASI #68177-D6TL-131" Octopus on its web site). Always Something Brilliant (8141 N I-70 Frontage Rd., Arvada CO www.alwaysbrilliant.com (sells Lumatec Octopus screwdriver) all target Delaware consumers prior to the filing date of this Complaint and continue to do so." There is no evidence that any of these "resellers" specifically target Delaware, as opposed to America generally. Moreover, there is no evidence that Lumatec controls the activities of these "resellers," or indeed has any role in their activities whatsoever.

5. "All of these distributors also offers the infringing article to Delaware consumers via 800 number customer service centers, which are open 24 hours a day, 7 days a week." Whether or not this is true (and the characterization of them as "distributors" is inaccurate, they are all independent retailers), it does not speak to any involvement by Lumatec.

6. "In addition, Container Store, Inc. (locations coast to coast, www.containerstore.com and 800 number) offered the infringing article to Delaware consumers)." Again, there is no evidence of any sale from the Container Store to Delaware or any advertising from the Container Store targeted specifically to Delaware. There is no evidence that Lumatec has any involvement in or control over sales from the Container Store to consumers.

It is evident that, at the time the Complaint was filed, Mr. Chung had no evidence of any infringing products sold outside of Delaware by Lumatec finding their way to Delaware.

12

Mr. Chung's claimed bases for filing suit in Delaware amount to nothing more than the rankest of speculation, without any legal or evidentiary support.

Litigation is an expensive proposition. Lumatec has had to brief a motion to dismiss, engage in discovery, and now brief a renewed motion to dismiss. Although discovery has not yielded any new information which would support an assertion of personal jurisdiction over Lumatec, Mr. Chung still appears to insist upon litigating the issue. That decision appears to be aimed more at exerting economic pressure upon Lumatec to settle than any belief in the merits of its jurisdictional position.

While this Court no doubt welcomes patent infringement cases properly brought before it, it should be quick to punish those who bring suit in Delaware without legal or factual justification, solely for economic leverage. In this case, an award of attorneys' fees is merited.

## II.    <u>THIS ACTION SHOULD BE TRANSFERRED TO TEXAS.</u>

Pursuant to 28 **U.S.C.** §1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As Lumatec is located in Austin, Texas (Compl. ¶3), this action could have been brought in the United States District Court for the Western District of Texas, and, if the Court does not dismiss the case, it should be transferred there.

In **Jumara v. State Farm Ins. Co.**, 55 F.3d 873, 879-80 (3rd Cir. 1995), the Third Circuit set forth a list of factors, categorized as "private interest" and "public interest" factors, to be considered on a motion to transfer venue. The relevant ones are discussed below:

a.    <u>Plaintiff's Choice of Forum</u>: Although a plaintiff's choice of forum is entitled to deference, the degree of deference is reduced where, as here, the plaintiff, being a resident of Taiwan (Compl. ¶2), would have to pursue his claim in a foreign jurisdiction in any event. **Lee v. Ohio Casualty Ins. Co.**, 445 F.Supp. 189, 192 (D. Del. 1978); **Societe Commerciale de Transports Transatlantiques (S.C.T.T.) v. S.S. "African Mercury"**, 366 F.Supp. 1347, 1350 (S.D.N.Y. 1973).

b.    <u>Defendant's Choice of Forum</u>:  Obviously, Lumatec prefers that any litigation occur in Texas.

c.    <u>Whether the claim arose elsewhere</u>:    There is no connection to Delaware. The majority of sales occurred in Texas. (Altman Decl. ¶3).  Thus, Texas has a significantly greater interest in this action than does Delaware, particularly since Lumatec is a Texas corporation.  **The Original Creatine Patent Company, Ltd. v. Kaizen, Inc.**, C.A. No. 02-

14

471-SLR, 2003 WL 179996, WL Op. at *4, Robinson, J. (D. Del. Jan. 22, 2003) (appended hereto as Exhibit I).

        d.      <u>The convenience of the parties</u>:  Litigation in Delaware involves additional expense to Lumatec, both during depositions (where either witnesses or counsel will be forced to travel between Texas and Delaware) and during trial.  By contrast, as Mr. Chung is not litigating on his "home turf," any concern for his inconvenience is reduced.  **Clopay Corp. v. Newell Companies, Inc.**, 527 F.Supp. 733, 736 (D. Del. 1981).  Thus, this is not a case of merely shifting the inconvenience from one party to another. "Regardless of the forum, [Mr. Chung] will incur travel expenses.  A transfer to [Texas] would eliminate rather than merely shift[] the travel expense of one party." **The Original Creatine Patent Company, Ltd.**, WL Op. at *4 (transferring patent infringement case brought by British company against California-based company).

        e.      <u>Location of books and records</u>:  To the extent that Mr. Chung seeks discovery of Lumatec, all of Lumatec's documents and witnesses are located in Texas.

        f.      <u>Enforceability of any judgment</u>:  As a judgment from any federal court would be binding on either party on a claim arising under federal law, this factor is neutral.

        g.      <u>Practical considerations that make the trial easy, expeditious, or inexpensive</u>: As noted above, litigation in Texas would reduce costs.

        h.      <u>The relative administrative difficulty in the two fora resulting from court congestion</u>:  The latest statistics from the Administrative Office of the United States Courts (appended hereto as Exhibit J) reveal that in year 2003 (for a 12-month period ending September 30), the length of time between filing the Complaint and disposition was 11.2

15

months in Delaware and 9.5 months in the Western District of Texas.  The length of time the

filing of the Complaint to trial was 24.0 months in Delaware and 16.5 months in the Western

District of Texas.  Thus, Texas has an edge as to speed of resolution, and so there can not be

any suggestion that litigation would be delayed in Texas due to court congestion.

I.    The local interest in deciding local controversies at home:  This is not a local

controversy.  Neither of the parties is a Delaware resident.

Applying these factors, it is evident that Texas is the more appropriate location for

this litigation.  The parties have no connection to Delaware, and the justifiable inference is

that the tactical selection of Delaware as the forum for litigation (part from Delaware's well-

earned reputation for excellence), is for the purpose of placing Lumatec to additional

inconvenience.

In light of the foregoing, Lumatec respectfully requests that this Court transfer this

case to the U.S. District Court for the Western District of Texas.

## CONCLUSION

WHEREFORE, for the foregoing reasons, defendant Lumatec Industries, Inc. respectfully requests that the Court either dismiss this action for want of personal jurisdiction, or, alternatively, transfer this action to the United States District Court for the Western District of Texas, and award Lumatec its attorney's fees in connection with this motion.

Respectfully submitted,

_____     /s/ David L. Finger

David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for defendant Lumatec Industries, Inc.

Dated: April 13, 2005

17

## <u>CERTIFICATE OF SERVICE</u>

I, David L. Finger, hereby certify that on this 13th day of April, 2005, I electronically

filed the foregoing document with the Clerk of Court using CM/ECF which will send

notification of such filing to the following:

Mark C. Gregory, Esq.
Huntley & Associates
1105 N. Market St., Suite 800
Wilmington, DE 19801

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766

i