IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHIH-WEN CHUNG,<br>an individual and a Taiwanese Citizen,<br><br>Plaintiff,<br><br>v.<br><br>LUMATEC INDUSTRIES, INC.,<br>a corporation organized under the laws<br>of Texas,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 04-1451 SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**GENERAL OBJECTIONS**

1.  Defendant objects to Plaintiff's First Set of Interrogatories and Requests for Production of Documents and Things to Defendant (the "Discovery Requests") on the ground that it is untimely. Pursuant to the Order of the Court dated February 18, 2005 (the "Order"), jurisdictional discovery is to be completed by March 25, 2005. As defendant is entitled to thirty (30) days to respond to any discovery requests pursuant to Fed. R. Civ. P. 33(b)(3) and 34(b), any discovery requests should have been propounded on or before February 23, 2003. As plaintiff's Discovery Requests were not propounded until March 2, 2005, they are untimely.

2.  Defendant objects to plaintiff's Discovery Requests to the extent that they seek information and/or documents unrelated to the issue of personal jurisdiction, as the Order specifically referred only to jurisdictional discovery. Defendant's responses to the Discovery Requests shall be limited to matters relevant to personal jurisdiction.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:** With respect to Defendant's Accused Products, state or identify:
- a. All of Defendant's manufacturers or suppliers;
- b. All of Defendant's distributors;
- c. All of Defendant's distributors reselling products;
- d. All of Defendant's sales personnel, whether employed by or otherwise working on behalf of Defendants;
- e. All of Defendant's present and/or past customers;
- h. The total sales volume, in units and dollars;
- j. All of Defendant's potential customers with whom Defendants have had one of more contacts, either orally, in writing, electronically, or in person, either directly or indirectly through an agent, middleman or distributor, whether initiated by Defendants or the potential customer.

**RESPONSE**: Defendant objects to Interrogatory No. 1 on the ground that it is vague and confusing to the extent that it refers to "Defendants" when there is only one defendant in this action. Defendant also objects to Interrogatory No. 1 on the ground that the phrase "potential customers" is unduly vague. Subject to the foregoing general and specific objections, defendant responds as follows:

- a. None of defendant's manufacturers or suppliers are located in Delaware;
- b. Defendant has no distributors, as it distributes the products it sells to its customers itself;
- c. Defendant does not have any distributors reselling products on its behalf;
- d. Defendant does not have any sales personnel, whether employed by or otherwise working on behalf of Defendant, who either live in Delaware, call upon Delaware prospects or service accounts in Delaware.
- e. Defendant has no knowledge or any present or past purchasers of Defendant's Accused Products in Delaware.

   h. The total sales volume, in units and dollars, of Defendant's Accused Products in Delaware is 0 units and $0.00.

   j. There have been no potential customers in Delaware with whom Defendant has had one or more contacts, either orally, in writing, electronically, or in person, either directly or indirectly, through an agent, middleman or distributor, whether initiated by defendant or the potential customer, regarding Defendant's Accused Products.

   <u>Interrogatory No. 2</u>: With respect to Defendant's Accused Products, state whether Defendant advertised or otherwise promoted Defendant's Accused products and, if the answer is in the affirmative, set forth and/or identify
   a. each such advertisement or promotion;
   b. the date of each such advertisement or promotion;
   c. the nature of each such advertisement or promotion (e.g., print, radio, catalog, Internet);
   d. where such advertisement or promotion appeared;
   e. the total dollar amount expended in connection with such advertisements or promotions; and
   f. all documents related to such advertisements or promotions.

   **RESPONSE**: Subject to and without waiver of the foregoing general objections, defendant responds that it advertised Defendant's Accused Device in two ways. The first was on the website www.logolights.com, where Defendant's Accused Products appeared from January through October, 2004. That website, which is accessible by anyone who has access to the Internet, is advertising only and does not permit online purchasing. Lumatec paid $135.00 per month for this website, with no amount specifically allocated toward the advertisement of Defendant's Accused Products. Defendant does not have any documents related to this advertisement.

Defendant also advertised Defendant's Accused Products in a printed catalog that was mailed to retailers. Defendant did not keep any records of the identities of the parties to whom the catalog was mailed, and has no knowledge or information that any copies were mailed to Delaware.

Interrogatory No. 3: With respect to Defendant's Products, state whether the Defendant has advertised or otherwise promoted Defendant's Products, if the answer is in the affirmative, set forth and/or identify, to the extent not set forth or identified in response to Interrogatory No. 2 above:
- a. each such advertisement or promotion;
- b. the date of each such advertisement or promotion;
- c. the nature of each such advertisement or promotion (e.g., print, radio, catalog, Internet);
- d. where such advertisement or promotion appeared;
- e. the total dollar amount expended in connection with such advertisements or promotions; and
- f. all documents related to such advertisements or promotions.

**RESPONSE**: Defendant objects to Interrogatory 3 as the phrase "Defendant's Products" is undefined and vague. To the extent that the phrase "Defendant's Products" is intended to refer to the defined term "Defendant's Accused Products," see response to Interrogatory 3. To the extent that the phrase "Defendant's Products" is intended to refer to products other than "Defendant's Accused Products," defendant objects on the grounds that advertisement of defendant's products other than Defendant's Accused Products", particularly outside of Delaware, is irrelevant to the issue of personal jurisdiction, and is not reasonably likely to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing specific and general objections, defendant refers plaintiff to the Response to Interrogatory No. 3, and adds that defendant also advertises products unrelated to Defendant's Accused Products on the Internet website www.lumatec.com.

Interrogatory No. 4: Identify any and all contracts, licenses, assignments and other agreements, including service contracts, related directly or indirectly to Defendant's Accused Products.

4

**RESPONSE**: Subject to and without waiver of the foregoing general objections, defendant responds that it has no contracts, licenses, assignments and/or other agreements, including service contracts, related directly or indirectly to Defendant's Accused Products, with any person or entity based in or operating in Delaware.

Interrogatory No. 5: Identify any and all contracts, licenses, assignments and other agreements, including service contracts or real estate contracts, related directly or indirectly to Defendant's Products, and requiring and/or permitting performance by any party thereto at least in part in the Jurisdiction, to the extent not identified in response to Interrogatory No. 4 above.

**RESPONSE**: Defendant objects to Interrogatory 5 as the phrase "Defendant's Products" is undefined and vague. To the extent that the phrase "Defendant's Products" is intended to refer to the defined term "Defendant's Accused Products," see response to Interrogatory 4. To the extent that the phrase "Defendant's Products" is intended to refer to products other than "Defendant's Accused Products," defendant objects on the grounds that advertisement of defendant's products other than Defendant's Accused Products, particularly outside of Delaware, is irrelevant to the issue of personal jurisdiction, and is not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing general and specific objections, defendant responds that there are no such contracts and/or agreements requiring any performance by defendant in Delaware.

Interrogatory No. 6: With respect to the past and/or present customers for Defendant's Accused Products identified in response to Interrogatory No.1 above, provide details of the purchase(s), including the date(s) of the purchase(s), a description of the specific items purchased (including the part name and item number), the date(s) or delivery or installation, the total price, and whether Defendants are aware of any problems or complaints to date in connection with said purchase.

**RESPONSE**: Subject to and without waiver of the foregoing general objections, defendant responds that it is not aware of any past or present purchasers of Defendant's Accused Products in Delaware.

Interrogatory No. 7: To the extent no described in response to the Interrogatories above, provide details of defendant's customers, namely:
    a.    place of incorporation
    b.    date of incorporation
    c.    address of places where they do business
    d.    addresses of their agents.

**RESPONSE**: Subject to and without waiver of the foregoing general objections, defendant responds that in the past it has sold products unrelated to Defendant's Accused Products to:

Stamford Screenprinting, 3801 Kennet Pike, C1, Greenville, DE 19807

Vision Creations, 3608 Lancaster Pike, Wilmington, DE 19805

Marketing Solutions, P.O. Box 142, Middletown, DE 19709

Jordan Marketing, Inc., 2106 N. Van Buren St., Wilmington, DE 19802

G&G Outfitters, Inc., 9 Liberty Plaza, Newark, DE 19711

Joseph W. Small Associates, 406 Marsh Rd., Wilmington, DE 19809

Reminders, 567 Corporate Blvd., Newark, DE 19702

A Lasting Impression, 504 Philadelphia Pike, Wilmington, DE 19809

By way of further response, defendant did not do any business with any of these customers in 2004. By way of further response, Lumatec sales in Delaware accounted for 0.2281% of Lumatec's total sales in 1999, 0.1417% of Lumatec's total sales for 2000, 0.3914% of Lumatec's total sales in 2001, 0.4725% of Lumatec's total sales for 2002, and 0.2736% of Lumatec's total sales for 2003.

Interrogatory No. 8: To the extent not described in response to the Interrogatories above, provide all information regarding the sale or offering for sale of any Accused Product referred to on Defendant's website, including the date(s) of the purchase(s), a description of the specific item purchased (including the part name and item number), the date(s) of delivery or installation, the total price, and whether Defendant is aware of any problems or complaints to date in connection with said purchase.

**RESPONSE**: Subject to and without waiver of the foregoing general objections, defendant responds that the website owned or controlled by Lumatec which advertised Defendant's Accused Products, www.logolights.com, is an advertising-only website, and no one can purchase any products directly therefrom. As such, there were no sales of Defendant's Accused Products from said website.

Interrogatory No. 9:   Describe the purpose of Defendant's website and whether it is accessible to residents of this Jurisdiction.

**RESPONSE**: Defendant's websites are for the purpose of advertising products, and are accessible to anyone with access to an Internet connection.

Interrogatory No. 10:   Identify all customers or potential customers who have visited the Defendant's website, to the extent known.

**RESPONSE**: Subject to the foregoing general objections, defendant responds that it has no knowledge or information as to anyone from Delaware visiting its websites.

Interrogatory No.11:   Identify any and all officers of Defendant and anyone else who may have knowledge of the purchase of the Accused Product and its sale, and Identify all bank accounts in the Jurisdiction owned by Defendant.

**RESPONSE**: Officers and employees of defendant who have knowledge of the purchase of Defendant's Accused Product from defendant and/or the sale of Defendant's Accused Product by defendant are:

Peter Altman, Lumatec Industries, Inc., 500 Shady Lane, Austin, TX 78702, 512-389-3399

Jerry Hatter, Lumatec Industries, Inc., 500 Shady Lane, Austin, TX 78702, 512-389-3399

Defendant does not have any bank accounts in Delaware.

Interrogatory No. 12:   Identify all instances of business travel to this Jurisdiction by any of Defendant's employees, agents, or other individuals otherwise working on Defendant's behalf in the past six years.

**RESPONSE**: There has been no business travel to Delaware by any of defendant's employees, agents, or other individuals otherwise working on defendant's behalf in the past six years.

Interrogatory No. 13: Identify all means of control exercised by Defendant over the resale of Accused Products by defendant's customers, retailers, and wholesalers.

**RESPONSE**: Defendant neither has nor exercises any control over the resale of Defendant's Accused Products by any customer or retailer. Defendant does not have any wholesalers.

### RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Request for Production No. 1: All documents and things relating to sales of Defendant's Accused Products, including, without limitation, documents and things identifying or concerning: Defendant's distributors; Defendant's distributors reselling defendant's products and Accused Products; of Defendant's sales personnel, whether employed by Defendants or otherwise working on behalf of the Defendants; Defendant's present, past and/or potential customers (whether distributor, wholesaler, retailer, end used or otherwise); and sales, in units or dollars.

**RESPONSE**: Subject to the foregoing general objections, defendant will produce all non-privileged documents in its possession, custody or control limited to defendant's sale of Defendant's Accused Products in Delaware, to the extent they exist. By way of further response, as there were no sales in Delaware, there are no documents.

Request for Production No. 2: All documents and things relating to Defendant's advertisement or promotion of Defendant's Accused Products, including without limitation, each such advertisement or promotion and all documents and things of, concerning, or evidencing: the date of each such advertisement and promotion; the nature of each such advertisement or promotion (e.g., print, radio, catalog, Internet); where such advertisement or promotion appeared; the total dollar amount expenses in connection with such advertisements or promotion; and all other documents related to such advertisements or promotions.

**RESPONSE**: Subject to the foregoing general objections, defendant will produce all non-privileged documents in its possession, custody or control limited to defendant's advertisement of

Defendant's Accused Products in Delaware, to the extent they exist. By way of further response, as there was no advertising targeting Delaware, there are no such documents.

Request for Production No. 3: All documents and things relating to Defendant's advertising or promotion of Defendant's Products, including without limitation, each such advertisement or promotion and all documents and things of, concerning, or evidencing: the date of each such advertisement and promotion; the nature of each such advertisement or promotion (e.g., print, radio, catalog, Internet); where such advertisement or promotion appeared; the total dollar amount expenses in connection with such advertisements or promotion; and all other documents related to such advertisements or promotions.

RESPONSE: Subject to the foregoing general objections, defendant will produce all non-privileged documents in its possession, custody or control limited to defendant's advertisement of Defendant's Accused Products in Delaware, to the extent they exist. By way of further response, as there was no advertising targeting Delaware, there are no such documents.

Request for Production No. 4: With respect to the Defendant's Accused Products, all documents and things sufficient to identify all of Defendant's present, past and/or potential customers (whether distributor, wholesaler, retailer, end user or otherwise), and any and all documents and things of or concerning such customers, including, without limitation, agreements, purchase orders, and correspondence.

RESPONSE: Subject to the foregoing general objections, defendant will produce all non-privileged documents in its possession, custody or control limited to defendant's sale of Defendant's Accused Products in Delaware, to the extent they exist. By way of further response, as there were no sales in Delaware, there are no such documents.

Request for Production No. 5: With respect to Defendant's Accused Products, all documents and things sufficient to identify all of Defendant's present, past and/or potential customers (whether distributor, wholesaler, retailer, end user or otherwise), and any and all documents and things of or concerning such customers, including, without limitation, agreements, purchase orders, and correspondence.

RESPONSE: Defendant objects to Request for Production No. 5 as unduly burdensome as the identities of defendant's Delaware customers are identified in Response to Interrogatory 7.

9

Request for Production No. 6: All contracts, licenses, assignments and any other agreements, including but not limited to any service contracts or real estate contracts, related directly or indirectly to Defendant's Accused Products, and requiring and/or permitting performance by any party thereto at least in part in the Jurisdiction.

RESPONSE: Subject to the foregoing general objections, defendant will produce all non-privileged documents in its possession, custody or control limited to defendant's sale of Defendant's Accused Products in Delaware, to the extent they exist. By way of further response, there are no such documents.

Request for Production No. 7: All contracts, licenses, assignments and any other agreements, including service contracts, related directly or indirectly to Defendant's Products, and requiring and/or permitting performance by any party thereto at least in part in the Jurisdiction, to the extent not produced in response to Request for Production No. 6 above.

RESPONSE: Subject to the foregoing general objections, defendant will produce all non-privileged documents in its possession, custody or control reasonably responsive to this request, to the extent they exist. By way of further response, there are no such documents.

Request for Production No. 8: All documents which identify customers or potential customers who have visited the Defendant's website.

RESPONSE: Subject to the foregoing general objections, defendant will produce all non-privileged documents in its possession, custody or control reasonably responsive to this request, to the extent they exist. By way of further response, defendant does not have any such documents.

Request for Production No. 9: All documents and things related to business travel by any of Defendant's employees, agents or other individuals otherwise working on Defendant's behalf in the past six years.

RESPONSE: Subject to the foregoing general objections, defendant will produce all non-privileged documents in its possession, custody or control limited to travel to Delaware, to the extent

they exist. By way of further response, as there was no such travel to Delaware, there are no such documents.

Request for Production No. 10: All documents or things not otherwise produced related in whole or in part to Defendant's contacts or dealings of any kind with any person or entity in the Jurisdiction.

RESPONSE: Defendant objects to Request for Production 10 on the ground that it is vague. Subject to the foregoing general objections, defendant will produce all non-privileged documents in its possession, custody or control reasonably responsive to this request, to the extent they exist. By way of further response, there are no such documents.

Request for Production No. 11: All documents of things related to any and all means of control exercised by Defendant over the resale of Accused products by defendant's customers, retailers and wholesalers.

RESPONSE: Subject to the foregoing general objections, defendant will produce all non-privileged documents in its possession, custody or control reasonably responsive to this request, to the extent they exist. By way of further response, as defendant does not exercise any control over the resale of Defendant's Accused Products by defendant's customers, there are no such documents.

Dated: April 1, 2005

AS TO OBJECTIONS ONLY:

_____
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for defendant Lumatec Industries, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHIH-WEN CHUNG, an individual and a Taiwanese Citizen, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 04-1451 SLR |
| LUMATEC INDUSTRIES, INC., a corporation organized under the laws of Texas, | ) ) ) ) ) | |
| Defendant. | ) | |

## DECLARATION OF PETER ALTMAN

1. My name is Peter Altman. I am the President of Lumatec Industries, Inc. I am over 21 years of age and have personal knowledge of the facts contained in this Declaration.

2. I declare under penalty of perjury under the laws of the United States that the answers contained in Defendant's Response to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information and belief.

3. Sworn to on this 31st day of March, 2005 at Austin Texas USA

_____
Peter Altman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHIH-WEN CHUNG,<br>an individual and a Taiwanese Citizen, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>)<br>) | C.A. No. 04-1451 SLR |
| LUMATEC INDUSTRIES, INC.,<br>a corporation organized under the laws<br>of Texas, | )<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

## NOTICE OF SERVICE

I, David L. Finger, hereby certify that on this 1st day of April, 2005, I caused two copies of Defendant's Response to Plaintiff's First Set of Interrogatories and Requests for production of Documents and Things to be served via facsimile and first-class mail, postage prepaid, on the below-listed counsel of record:

        Mark C. Gregory, Esq.
        Huntley & Associates, LLC
        P.O. Box 948
        Wilmington, DE 19899

        /s/ David L. Finger
        David L. Finger (DE Bar ID #2556)
        Finger & Slanina, LLC
        One Commerce Center
        1201 Orange Street, Suite 725
        Wilmington, DE 19801-1155
        (302) 884-6766
        Attorney for defendant Lumatec Industries, Inc.