Westlaw.

Not Reported in F.Supp.2d

2004 WL 1627168 (S.D.N.Y.)

**(Cite as: 2004 WL 1627168 (S.D.N.Y.))**

Page 1

**C**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
WAFIOS MACHINERY CORPORATION; and
Wafios AG, Plaintiffs,
v.
NUCOIL INDUSTRIES CO., LTD.; Nucoil
Industries, Inc.; and Other Un-Named
Parties, Defendants.
**No. 03 Civ.9865(RWS).**

July 21, 2004.

Reed Smith LLP, New York, NY, By: Gerald H.
Kiel, Paul P. Rooney, for Plaintiffs, of counsel.

Lu & Associates, Havertown, PA, By: Kao H. Lu,
for Defendants, of counsel.

Donna C. Chin, Short Hills, NJ, for Defendant
Nucoil Industries, Inc.

*OPINION*

SWEET, J.

**\*1** Defendant Nucoil Industries, Inc. ("Nucoil
USA") has moved to dismiss the complaint filed
against it by plaintiffs Wafios Machinery
Corporation and Wafios AG (collectively,
"Wafios") pursuant to Fed.R.Civ.P. 12(b)(2) and (3)
. Defendant Nucoil Industries Co. Ltd. ("Nucoil
Taiwan") has moved separately to dismiss the
claims against it pursuant to Rule 12(b)(2), (3) and
(5). For the reasons stated below, both motions are
denied with leave to renew following limited
jurisdictional discovery.

*Prior Proceedings*

Wafios filed the complaint in this action on
December 11, 2003, alleging patent infringement by
both Nucoil USA and Nucoil Taiwan. An answer
was filed by Nucoil USA on March 31, 2004, and
an amended answer including counterclaims was
filed on April 5, 2004. Nucoil USA's motion was
filed on April 1, 2004. Following the exchange of
briefs, oral argument was heard on the motion on
April 21, 2004, at which time the motion was
deemed fully submitted.

Nucoil Taiwan's motion was filed on April 22,
2004. Following the exchange of briefs, oral
argument was heard on the motion on May 19,
2004, at which time the motion was deemed fully
submitted.

*Discussion*

Both Nucoil USA and Nucoil Taiwan argue that
personal jurisdiction is lacking and that venue is
improper, and the complaint should accordingly be
dismissed. Nucoil Taiwan also argues that service
of process on it in Taiwan was improper.

*Nucoil USA Has Not Waived Its Jurisdictional
Defenses*

Wafios argues that Nucoil USA's counterclaims for
defamation, tortious interference with prospective
economic advantage and violation of the
Connecticut Unfair Trade Practices Act, Conn.
Gen.Stat. § 42-110b ("CUTPA") are permissive,
and therefore that Nucoil USA has waived the
defenses of lack of personal jurisdiction and
improper venue. [FN1]

> FN1. Because Nucoil Taiwan has not yet
> answered the complaint, the following
> discussion pertains only to Nucoil USA.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 2

2004 WL 1627168 (S.D.N.Y.)

**(Cite as: 2004 WL 1627168 (S.D.N.Y.))**

Although Nucoil USA has not contested the issue, the premise of Wafios's argument is incorrect. Although the Second Circuit has not ruled on the question of whether the assertion of a counterclaim, whether permissive or compulsory, waives the defense of personal jurisdiction, and has observed that "federal law on this issue appears to be in disarray," *Cargill, Inc. v. Sabine Trading & Shipping Co.*, 756 F.2d 224, 229 (2d Cir.1985); *see also PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1111 n.4 (2d Cir.1997); *Matter of Arbitration between InterCarbon Bermuda, Ltd. and Caltex Trading and Transport Corp.*, 146 F.R.D. 64, 69-70 (S.D.N.Y.1993) (collecting caselaw demonstrating opposing views on the issue), a finding of waiver would "exalt form over substance in a way that the adoption of the Federal Rules of Civil Procedure rendered obsolete." *Local Union No. 38, Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. A & M Heating, Air Conditioning, Ventilation & Sheet Metal, Inc.*, 314 F.Supp.2d 332, 352 (S.D.N.Y.2004).

The rationale for finding that a permissive counterclaim waives the defenses of lack of personal jurisdiction is that the defendant has affirmatively sought the aid of the court. *See Beaunit Mills, Inc. v. Industrias Renidas F. Matarazzo*, 23 F.R.D. 654, 656-57 (S.D.N.Y.1959). However, when both jurisdictional defenses and counterclaims are included in a single responsive pleading, it is appropriate to treat the counterclaim "as conditional: its assertion being hypothecated upon an adverse ruling on Defendant's jurisdictional defenses." *Queen Noor, Inc. v. McGinn*, 578 F.Supp. 218, 220 (S.D.Tex.1984) (citing *Lomanco, Inc. v. Missouri Pacific Railroad Company*, 566 F.Supp. 846 (E.D.Ark.1983) and *In Re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 398 (E.D.Pa.1981)). Such an approach best serves both the language of Rule 12(b) and the policy behind it, as articulated by the Third Circuit over thirty years ago:

> **\*2** Rule 12(b) provides a defendant with the option of raising jurisdictional defenses by motion or by answer. If we were to take the position that a defendant, by raising his jurisdictional defenses in the same pleading in

which he asserted a counterclaim, waived his jurisdictional defenses, we would in effect be engrafting a judicial exception to Rule 12(b). We would be requiring a defendant to raise his jurisdictional defenses by motion when he intends to file a counterclaim in his responsive pleading. This requirement would be contrary to the option provided to the defendant in Rule 12(b).

> Furthermore, the policy behind Rule 12(b) militates against our finding a waiver where a defendant files a counterclaim in the same pleading in which he asserts jurisdictional defenses. The purpose behind Rule 12(b) is to avoid the delay occasioned by successive motions and pleadings and to reverse the prior practice of asserting jurisdictional defenses by 'special appearance.'

*Neifeld v. Steinberg*, 438 F.2d 423, 428-29 (3d Cir.1971) (citing 5 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 1362, at 647- 48 (1969)). Since the *Neifeld* decision, at least three other Circuits have also held that the filing of a counterclaim, whether permissive or compulsory, does not operate as a waiver of an objection either to personal jurisdiction or to venue, "whether the objection is raised by motion or answer, provided that the objection is not otherwise waived in the course of the litigation." *Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147, 1149 (5th Cir.1987); *see also Chase v. Pan-Pacific Broadcasting, Inc.*, 750 F.2d 131, 132 (D.C.Cir.1984) (Ginsburg, J.); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330 n. 1 (9th Cir.1984); and *generally* Wright & Miller, *supra*, § 1397 (1990) (stating view that the "trend in more recent cases is to hold that no Rule 12(b) defense is waived by the assertion of a counterclaim, whether permissive or compulsory"). Accordingly, Nucoil USA has not waived its right to assert its jurisdictional defenses, and it is not necessary to decide whether its counterclaims are permissive or compulsory.

*Personal Jurisdiction Over Nucoil USA*

Nucoil USA argues that Wafios' complaint should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2), arguing that Wafios has not shown that Nucoil USA has sufficient contacts

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 3

2004 WL 1627168 (S.D.N.Y.)

**(Cite as: 2004 WL 1627168 (S.D.N.Y.))**

to the forum to subject it to jurisdiction. Wafios conversely argues that specific jurisdiction may be exercised over Nucoil USA because of its internet website through which potential customers may request sales literature.

Plaintiffs bear the burden of establishing that the court has jurisdiction over a defendant when served with Rule 12(b)(2) motion to dismiss. *DiStefano v. Carozzi North American Inc.,* 286 F.3d 81, 84 (2d Cir.2001); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir.1994). Because an evidentiary hearing has not been held, the plaintiffs need only make a *prima facie* showing of jurisdiction through the complaint's allegations and affidavits in order to defeat the motion to dismiss. *CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986); *Network Enterprises, Inc. v. APBA Offshore Prods. Inc.,* 01 Civ. 11765, 2002 WL 31050846, at *8 (S.D.N.Y. Sept. 12, 2002).

*3 The facts must be construed in the light most favorable to plaintiffs. *Cooper, Robertson & Partners L.L.P. v. Vail,* 143 F.Supp.2d 367, 370 (S.D.N.Y.2001) (citing *Hoffritz for Cutlery Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985)). In assessing whether personal jurisdiction is authorized, the court must look first to the long-arm statute of the forum state. *Bensusan Rest. Corp. v. King,* 126 F.3d 25, 27 (2d Cir.1997). If the exercise of jurisdiction is appropriate under that statute, the court must decide whether such exercise comports with the requisites of due process. *Id.* In patent infringement cases, "when analyzing personal jurisdiction for the purposes of compliance with federal due process, Federal Circuit law, rather than regional circuit law, applies." *3D Systems, Inc. v. Aarotech Laboratories, Inc.,* 160 F.3d 1373, 1377 (Fed.Cir.1998).

New York's **long-arm** statute allows for personal jurisdiction over a non-domiciliary when that person or his or her agent:

  (2) commits a tortious act within the state ...; or
  (3) commits a tortious act without the state causing injury to person or property within the state ..., if he [or she] (i) regularly does or solicits business, or engages in any other persistent

course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce ...

N.Y. C.P.L.R. § 302(a)(2)-(3) (McKinney 2001). The tortious act alleged by Wafios is the violation of 35 U.S.C. § 271(a), which provides that "whoever without authority ... **offers** to **sell** ... any patented invention, within the United States ... during the term of the patent therefor, infringes the patent."

Wafios argues that by publishing on its internet website a detailed catalogue of its machines, including the allegedly infringing machines, Nucoil USA has thereby offered to sell its products in New York. The website also includes an option to fill out forms which a potential customer may access from New York, and which can be used to request written materials and videotapes promoting Nucoil USA's machines. The website also includes a "button" on which a potential customer can click to have information sent to New York.

Wafios is apparently not alleging that personal jurisdiction may be exercised over Nucoil USA based on §§ 302(a)(2) or (a)(3)(i). Section 302(a)(2) "reaches only tortious acts performed by a defendant who was physically present in New York when he performed the wrongful act." *Bensusan,* 126 F.3d at 28; *Telebyte, Inc. v.. Kendaco, Inc.,* 105 F.Supp.2d 131, 134 (E.D.N.Y.2000) ( "The existence of a website outside New York, even one that offers a product for sale, cannot alone confer jurisdiction over the defendant under CPLR § 302(a)(2))."). Wafios has only alleged that Nucoil USA has sold or offered to sell its products to customers in New York. Wafios has not alleged that Nucoil USA regularly does or solicits business in New York. Nucoil USA has stated that since 2001, before the date the allegedly infringing patent issued, Nucoil USA has made only eight sales of "component-related products, and no machines, to just one customer in Freeport, New York." Affidavit of Yin Wang, ¶ 15.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

2004 WL 1627168 (S.D.N.Y.)

(Cite as: 2004 WL 1627168 (S.D.N.Y.))

**\*4** Wafios instead argues that jurisdiction is proper under § 302(a)(2)(ii) because through its offer of an infringing product for sale to New York consumers through the internet, Nucoil USA has committed a tortious act outside of New York that it should have expected to have consequences within the state. [FN2] The tortious act alleged by Wafios to have occurred outside the state causing injury to it within New York is the "offer to sell" the allegedly infringing products in violation of § 271(a). In support of its argument, Wafios cites *Int'l Truck Engine Corp. v. Dawson Int'l Inc.*, 216. F.Supp.2d 754 (N.D.Ind.2002), for the proposition that an offer to sell can be found from conduct which "generates interest in a potential infringing product to the commercial detriment of the rightful patentee." 216. F.Supp.2d at 761 (quoting *3D Systems, Inc. v. Aarotech Labs., Inc.,* 160 F.3d 1373, 1379 (Fed.Cir.1998)). By this standard, the publication of Nucoil USA's website would constitute an offer to sell wherever internet users could access it.

> FN2. Nucoil USA has not contested that it derives substantial revenue from interstate commerce.

However, *3D Systems,* on which *Int'l Truck Engine* relies, "is not the Federal Circuit's final word on the subject" of offers to sell. *Moldflow Corp. v. Simcon, Inc.,* 296 F.Supp.2d 34, 42 (D.Mass.2003). In a later case, *Rotec Indus., Inc. v. Mitsubishi Corp.,* 215 F.3d 1246 (Fed.Cir.2000), the Federal Circuit held that the meaning of the phrase "offer to sell," as it is used in § 271(a), "is to be interpreted according to its ordinary meaning in contract law, as revealed by traditional sources of authority." 215 F.3d at 1255.

Although *Rotec* purports to affirm *3D Systems, see* 215 F.2d at 1254, at least two district courts have recognized a conflict between the two opinions. *See Moldflow,* 296 F.Supp.2d at 42-43; *Elan Corp., PLC v. Andrx Pharmaceuticals, Inc.,* 272 F.Supp.2d 1325, 1339 n.2 (S.D.Fla.2002), *rev'd on other grounds,* 366 F.3d 1336 (Fed.Cir.2004). A subsequent Federal Circuit decision reiterated "that the question whether an invention is the subject of a commercial offer for sale is a matter of Federal Circuit law, to be analyzed under the law of contracts as generally understood." *Group One, Ltd. v. Hallmark Cards, Inc.,* 254 F.3d 1041, 1047 (Fed.Cir.2001).

Following the Federal Circuit's direction, the *Moldflow* court reviewed traditional sources of authority on contract law and sensibly concluded that "an offer creates the power of acceptance in the offeree." 296 F.Supp.2d at 344 (citing Restatement (Second) of Contracts § 24 (1981); Arthur Corbin, *Corbin on Contracts,* § 1.11 (1964)).

The product information contained on Nucoil USA's website is insufficient to create an **offer** to **sell** according to traditional contract law principles. No pricing information is given and no order forms are available even to print out and mail. Accordingly, Wafios has not shown that Nucoil USA has committed a "tortious act without the state" for purposes of § 302(a)(3) solely on the basis of Nucoil USA's website. Because **long-arm** jurisdiction cannot be shown on the basis of the website, a federal due process analysis is unnecessary. Nor is it necessary to consider Nucoil USA's motion to dismiss pursuant to Rule 12(b)(3).

*Personal Jurisdiction over Nucoil Taiwan*

**\*5** Wafios's arguments in support of personal jurisdiction over Nucoil Taiwan are also based on its website. The arguments are essentially identical, as Nucoil Taiwan's website is only alleged to give rise to jurisdiction insofar as it contains a link to the same Nucoil USA website that Wafios argued created jurisdiction over Nucoil USA. Because Nucoil USA's website does not constitute an offer to sell pursuant to § 271(a), nor does Nucoil Taiwan's. Accordingly, Wafios has not yet carried its burden of establishing that personal jurisdiction may be exercised over Nucoil Taiwan.

*Limited Jurisdictional Discovery is Granted*

Wafios has requested jurisdictional discovery in the event that specific personal jurisdiction is not found over either Nucoil USA or Nucoil Taiwan on

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

2004 WL 1627168 (S.D.N.Y.)

**(Cite as: 2004 WL 1627168 (S.D.N.Y.))**

the basis of their websites alone. "Pre-motion discovery should be permitted where the facts necessary to establish personal jurisdiction and propriety of venue lie exclusively within the defendant's knowledge." *Winston & Strawn v. Dong Won Securities Co., Ltd.,* 02 Civ. 0183, 2002 WL 31444625, at *5 (S.D.N .Y. Nov. 1, 2002) (citing *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 430 n.4 (2d Cir.1977)).

Nucoil USA has submitted an affidavit which provides several facts alleged by Wafios to be within Nucoil USA's exclusive knowledge. In particular, Nucoil USA states that it has sold no machines in New York, does not advertise in media which originates or which targets New York or which have a national circulation, and does not "target" the New York market. Wang Affidavit, ¶¶ 9- 11, 15. However, there are further questions which are not answered by the affidavit, and which may be necessary to establish either personal jurisdiction or venue.

Nucoil USA has acknowledged receiving four requests for product information from New York (although at least one of those requests appears to be from counsel for Wafios), but has not stated what materials were sent in response to those requests. Nor has Nucoil USA indicated whether other sales materials had been sent to its single existing customer in New York.

Accordingly, Nucoil USA's motion to dismiss is denied and Wafios' request for discovery is granted limited to the question whether Nucoil USA has "offered to sell" its allegedly infringing machines in New York, as that phrase is interpreted in this Opinion. Limited and expedited discovery proceedings will include service of document requests and one deposition of a witness to be designated by defendant to answer questions regarding jurisdictional issues. This discovery is to be completed no later than thirty (30) days from the entry of this order.

The affidavits submitted by counsel for Nucoil Taiwan and from a Nucoil Taiwan sales representative are more categorical than those of Nucoil USA, and call for a different result. According to the affidavits, Nucoil Taiwan has no offices or employees in New York, and has sold no products and derives no revenue from any activity in New York, and does not market products or attend trade shows in New York. In addition, Nucoil Taiwan has received no requests for information from the United States. Finally, Nucoil Taiwan has no common ownership with Nucoil USA, and derives no revenue from any sales or business by Nucoil USA.

**\*6** Because Wafios has not shown that it is entitled to any jurisdictional discovery with respect to Nucoil Taiwan that is not contained in the affidavits submitted with Nucoil Taiwan's briefs, the motion to dismiss Nucoil Taiwan is granted. It is therefore not necessary to consider Nucoil Taiwan's motion to dismiss for improper service of process pursuant to Rule 12(b)(5).

*Conclusion*

Because Nucoil USA's motion to dismiss for lack of personal jurisdiction and for improper venue cannot be resolved until after jurisdictional discovery has been conducted, it is denied at this time. Leave is granted to refile any and all of the motions pending closure of the limited discovery ordered above.

Wafios has not carried its burden of showing that personal jurisdiction may be exercised over Nucoil Taiwan. Because Wafios has also not shown that jurisdictional discovery could establish facts necessary to establish jurisdiction, Nucoil Taiwan's motion to dismiss the complaint against it is granted.

It is so ordered.

2004 WL 1627168 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

• 1:03CV09865  (Docket)

(Dec. 11, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.