**Westlaw.**

Not Reported in F.Supp.2d
2003 WL 179996 (D.Del.)
(Cite as: 2003 WL 179996 (D.Del.))

Page 1

C
**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.

THE ORIGINAL **CREATINE** PATENT
COMPANY, LTD, Plaintiff,
v.
KAIZEN, INC., Defendant.

No. Civ.A. 02-471-SLR.

Jan. 22, 2003.

MEMORANDUM ORDER

ROBINSON, J.

*1 At Wilmington this 22nd day of January, 2003, having reviewed defendant's motion to dismiss or, in the alternative, to transfer and the papers submitted in connection therewith;

IT IS ORDERED that said motion to transfer (D.I.14) is granted, for the reasons that follow: [FN1]

> FN1. Because the court is transferring the action to California, Kaizen's motion to dismiss for lack of personal jurisdiction is denied as moot. Kaizen's motions for protective orders (D.I.25, 31) and OCPC's motion to strike (D.I.10) are denied without prejudice to renew.

1. Introduction. On July 11, 2002, plaintiff, The Original Creatine Patent Co., Ltd. ("OCPC"), filed an amended complaint for patent infringement against defendant Kaizen, Inc. ("Kaizen"). [FN2] (D.I.7) The patents-in-suit are United States Patent Number 5,757,159 ("the '159 patent") and United States Patent Number 5,968,544 ("the '544 patent"). OCPC alleges that Kaizen has made, used, offered for sale, and continues to do the same, creatine-containing products embodying the invention patented in the '544 patent. OCPC further contends that Kaizen has marketed and sold creatine-containing products embodying the invention in the '159 patent. Kaizen filed an answer and asserted affirmative defenses, including inequitable conduct and bad faith. (D.I.9) Kaizen then filed this motion to dismiss or transfer to the Central District of California. (D.I.10) OCPC responded with a motion to strike and/or dismiss fifteen of Kaizen's affirmative defenses. (D.I.10)

> FN2. OCPC filed the original complaint incorrectly against Kaizen, Inc., a Delaware corporation unrelated to this action. (D.I.1, 15)

2. Background. OCPC is an English corporation with its principal place of business in Leeds, United Kingdom. (D.I.7, ¶ 2) OCPC is the assignee of the two patents-in-suit, the '159 patent, issued to inventors Eric Hultman and Roger C. Harris, and the '544 patent, issued to inventors Alan N. Howard and Roger C. Harris. (Id. at ¶¶ 5-6) While Hultman resides in Sweden, Howard and Harris reside in the United Kingdom. (D.I.19, Ex. 1) The attorneys who prosecuted the patents are located in Washington, D.C. and Chicago, Illinois. OCPC has filed four other actions to enforce the patents-in-suit against different defendants, all of which are pending before this court.

3. Kaizen is a California corporation with only one office located in Los Angeles, California. (D.I.15, Ex. A) Kaizen is a corporation involved in the advertising, distribution and sales of health food products. (Id. at ¶ 2) In 1998, Kaizen entered a licensing agreement to market, distribute and sell creatine-containing products from a German company under the trade-name CreapureTM. (Id. at ¶ 4) Kaizen claims that all its documents, and employees are located in California. With the exception of two potential witnesses, [FN3] Kaizen

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2003 WL 179996 (D.Del.)
**(Cite as: 2003 WL 179996 (D.Del.))**

Page 2

indicates the remaining reside in California.

> FN3. There are two witnesses located in Georgia and Canada. (D.I. 15 ¶ 9)

4. Standard of Review. Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interest of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988); *Affymetrix, Inc. v. Synteni, Inc.,* 28 F.Supp.2d 192, 208 (D.Del.1998).

*2 The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." *Bergman v. Brainin,* 512 F.Supp. 972, 973 (D.Del.1981) (citing *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.1970). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail". *ADE Corp. v. KLA-Tencor Corp.,* 138 F.Supp.2d 565, 567 (D.Del.2001); *Shutte,* 431 F.2d at 25.

The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. *C.R. Bard, Inc. v. Guidant Corp.,* 997 F.Supp. 556, 562 (D. Del 1998); *Siemens Medical Systems, Inc. v. Fonar Corporation,* C.A. No. 95-261-SLR, slip. op. at 8 (D.Del. Nov. 1, 1995); *Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc.,* 2001 WL 1617186 (D.Del. Nov. 28, 2001). Although transfer of an action is usually considered as less convenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." *In re M.L.-Lee Acquisition Fund II, L.P.,* 816 F.Supp. 973, 976 (D.Del.1993).

The Third Circuit Court of Appeals has indicated the analysis for transfer is very broad. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir.1995). Although emphasizing that "there is no definitive formula or list of factors to consider," *id.,* the Court has identified potential factors it characterized as either private or public interests. The private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* (citations omitted).

The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* (citations omitted).

5. Discussion. Kaizen argues the public and private interests weigh in favor of a transfer to the Central District of California. Specifically, Kaizen argues that OCPC has no parties, witnesses or evidence related to this action in Delaware. Kaizen avers that OCPC instituted this action in Delaware for the sole reason of accommodating the convenience of its lawyers, who practice in this state. Kaizen contends that the action actually emanates from Los Angeles, California, the location of its sales center. California is also the location of all events and evidence related to the litigation. (D.I.15, Ex. A)

*3 6. OCPC contends its choice of forum should be afforded deference. (D.I.19) The Delaware forum was selected because Kaizen has committed patent infringement in this state, argues OCPC. Moreover, the evidence and witnesses necessary to defend against Kaizen's affirmative defenses are located in Sweden, the United Kingdom, Washington, D.C. and Illinois. Although all of these witnesses will have to travel for trial purposes, OCPC asserts that

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2003 WL 179996 (D.Del.)
**(Cite as: 2003 WL 179996 (D.Del.))**

Page 3

Delaware is a closer forum than California. Further, because there are three other cases involving the same patents pending before this court, judicial economy will be promoted by maintaining this action. (D.I.19, Ex. 1) The risk of inconsistent results will be reduced by allowing one judge to become proficient in the patent technology and the relevant facts.

OCPC also raises another issue related to Kaizen's business, or lack thereof, in Delaware. On Kaizen's internet website, the company describes itself as maintaining offices "world-wide," in addition to the California office. (D.I.19, Ex. 2) The Kaizen website does not accept orders for its products. However, the website does provide a link to an internet nutrition store which sells Kaizen products. According to the declaration of an OCPC attorney, she was able to place post-complaint orders for Kaizen products, including those alleged to infringe the patents-in-suit, from the linked nutrition store. (D.I.19, Ex. 3) The orders were made from a Delaware computer and she received the products in Delaware. The attorney states that she was able to buy a nationally distributed magazine at a Delaware bookstore that contained advertisements for Kaizen products. She was also able to purchase, in person, noninfringing Kaizen products from a Delaware store. She states that the owner of the store told her that he has received solicitations to sell the entire line of Kaizen products. OCPC plans to call the Delaware store owner as a third party witness.

In response, Kaizen urges the court to strike the declaration as it contains impermissible double hearsay. (D.I.20) However, even if it were considered, Kaizen contends it does not establish that Kaizen conducts business in Delaware or sells the accused products here. Moreover, the fact that Kaizen's website describes its operations as "world-wide" still does not establish any business relationship with anyone in Delaware. Kaizen also argues that any problems with having third party witness testifying in California, can be solved by taking the depositions elsewhere.

Since the parties do not dispute that this action could have been initiated in the Central District of California, an examination of the private issues implicated by a transfer is warranted. The court finds the balance of private factors weighs in favor of transfer. The record reflects that neither litigant has ties to Delaware. Geographically, Delaware is inconvenient to everyone. All witnesses, documents and employees are located outside of this forum. Although Kaizen may describe itself as a world-wide operation, there has been nothing presented to corroborate this apparent embellishment.

*4 With regard to compulsory process problems, OCPC indicates that a Delaware store owner will be called as a trial witness. However, it has not established that this individual will be unwilling to testify outside of Delaware. Absent a demonstrable obstacle to obtaining personal jurisdiction over a third-party witness, the court declines to consider this as a problem.

Turning to the public interests, the court finds the practical considerations related to trial weigh in favor a transfer. As noted, the expense of trial in Delaware will weigh more heavily on Kaizen. Regardless of the forum, OCPC will incur travel expenses. A transfer to California would eliminate rather than merely shifting the travel expense of one party. *See Van Dusen v. Barrack,* 376 U.S. 612, 646 (1964).

The court is likewise confident that the Central District of California is well-equipped to decide the issues implicated by this case, regardless of the pendency of OCPC's other infringement actions. Further, considering Kaizen is a California corporation conducting business therein, that forum has a more particular interest in the litigation than Delaware. Accordingly, for the reasons stated, this action is transferred to the Central District of California.

2003 WL 179996 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**
• 1:02CV00471  (Docket)
(Jun. 03, 2002)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.