IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHIH-WEN CHUNG, <br> an individual and a Taiwanese Citizen, <br><br> Plaintiff, <br><br> v. <br><br> LUMATEC INDUSTRIES, INC., <br> a corporation organized under the laws <br> of Texas, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )    C.A. No. 04-1451 SLR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPLY BRIEF OF DEFENDANT LUMATEC INDUSTRIES, INC.
IN SUPPORT OF ITS RENEWED MOTION TO DISMISS OR TRANSFER**

                                              David L. Finger (DE Bar ID #2556)
                                              Finger & Slanina, LLC
                                              One Commerce Center
                                              1201 Orange Street, Suite 725
                                              Wilmington, DE 19801-1155
                                              (302) 884-6766
                                              Attorney for defendant
                                              Lumatec Industries, Inc.

Dated: April 18, 2005

**TABLE OF CONTENTS**

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. THERE IS NO BASIS FOR THIS COURT TO ASSUME PERSONAL JURISDICTION OVER LUMATEC IN DELAWARE . . . . . . . . . . . . . . . . . . . . . 1

    A. PLAINTIFF HAS ATTEMPTED TO MANUFACTURE PERSONAL JURISDICTION IN DELAWARE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B. LUMATEC'S DISCOVERY RESPONSES DID NOT INHIBIT MR. CHUNG'S ABILITY TO PROVE JURISDICTION . . . . . . . . . . . . . . . . . 4

    C. LUMATEC DOES NOT TRANSACT ANY BUSINESS IN DELAWARE THAT GIVES RISE TO PERSONAL JURISDICTION . . . . . . . . . . . . . . 6

    D. LUMATEC DID NOT CAUSE TORTIOUS INJURY IN DELAWARE BY AN ACT OR OMISSION IN DELAWARE . . . . . . . . . . . . . . . . . . . . . . . . 8

    E. LUMATEC DOES NOT ENGAGE IN A PERSISTENT COURSE OF CONDUCT IN DELAWARE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    F. THE ASSERTION OF PERSONAL JURISDICTION DOES NOT COMPORT WITH DUE PROCESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    G. LUMATEC SHOULD BE AWARDED ITS ATTORNEY'S FEES BECAUSE OF PLAINTIFF'S UNJUSTIFIED ATTEMPT TO EXERCISE PERSONAL JURISDICTION IN DELAWARE . . . . . . . . . . . . . . . . . . . 11

II. THIS ACTION SHOULD BE TRANSFERRED TO TEXAS . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**TABLE OF AUTHORITIES**

**Cases**

**Agilent Technologies, Inc. v. Micromuse, Inc.**, 316 F.Supp.2d 322 (E.D. Va. 2004) . . 2

**Archer Daniels Midland Co. v. Ralston Purina Co.**, 321 F.Supp. 262 (S.D. Ill. 1971)  2

**Beck v. Atlantic Coast PLC**, 868 A.2d 840 (Del. Ch. 2005) . . . . . . . . . . . . . . . . . . . . . . 11

**Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.**, 295 F.Supp.2d 400 (D. Del. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Brown v. Geha-Werke GmbH**, 69 F.Supp.2d 770 (D.S.C. 1999)  . . . . . . . . . . . . . . . . . 5

**Denius v. Dunlap**, 330 F.3d 919 (7th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Dotzler v. Perot**, 899 F.Supp. 416 (E.D. Mo. 1995), *aff'd mem.*, 124 F.3d 207 (8th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**ICT Pharmaceuticals, Inc. v. Boehringer Ingleheim Pharmaceuticals, Inc.**, 147 F. Supp.2d 268 (D. Del. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Intel Corp. v. Silicon Storage Technology, Inc.**, 20 F.Supp.2d 690 (D. Del. 1998) . . . 1

**Mendelson v. Delaware River & Bay Authority**, 56 F.Supp.2d 436 (D. Del. 1999) . . . 7

**Merck & Co., Inc. v. Barr Laboratories, Inc.**, 170 F.Supp.2d 368 (D. Del. 2002) . . . 10

**North American Philips Corporation v. American Vending Sales, Inc.**, 35 F.3d 1576 (Fed. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Sears, Roebuck & Co. v. Sears plc**, 744 F.Supp. 1289 (D. Del. 1990) . . . . . . . . . . . . . 8

**U.S. v. Ramey**, 559 F.Supp. 60 (E.D. Tenn. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Other authorities**

10 **Del. C.** §3104(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

10 **Del. C.** §3401(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Black's Law Dictionary** (5th ed. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

F.R.E. 201(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**ARGUMENT**

I. **THERE IS NO BASIS FOR THIS COURT TO ASSUME PERSONAL JURISDICTION OVER LUMATEC IN DELAWARE.**

   A. **PLAINTIFF HAS ATTEMPTED TO MANUFACTURE PERSONAL JURISDICTION IN DELAWARE.**

Despite repeated invitations, Mr. Chung has failed to offer any evidence that Lumatec, a Texas corporation with its offices in Texas, has sold the Octopus to even one Delaware resident. Mr. Chung, nonetheless, claims that "resellers continue to sell infringing products to consumers in this district." (CAB 2[1]). In support of this statement, Mr. Chung points to (i) a mailing address label from a company named Solutions to an individual in Delaware (CAB Ex. A), and (ii) pages from what purports to be a Solutions catalogue which includes, among other products, the Octopus. (CAB Ex. B). Mr. Chung's "evidence" is both factually and legally insufficient. What is more shocking, however, is that it is manufactured.

First, there is no admissible evidence that the package the Delaware resident received contained the Octopus. Mr. Chung has not submitted an affidavit or declaration from the individual stating what he purchased from Solutions. Nor is there any evidence authenticating either the mailing label or the Solutions catalogue. Having had an opportunity to conduct discovery, Mr. Chung had a duty to provide sworn affidavits or other competent evidence in opposition to Lumatec's motion to dismiss. **Intel Corp. v. Silicon Storage**

---

[1] Mr. Chung's answering brief is cited to herein as "CAB ___." Lumatec's opening brief is cited to herein as "LOB ___." Terms defined in Lumatec's opening brief have the same meaning herein.

1

**Technology, Inc.**, 20 F.Supp.2d 690, 698 (D. Del. 1998). Mr. Chung has not done so. Instead, Mr. Chung provides two unauthenticated photocopies and asks the Court to accept them and to assume, without sworn evidence, that the Octopus was in the package. This evidence is not competent and should not be accepted.[2]

Second, and more disturbing, it appears that Mr. Chung has attempted to manufacture a sale in Delaware. According to the mailing label and the web site of United States Postal Service (the relevant page of which is appended hereto as Exhibit A), the package with the indicated tracking number (4201 9806 9102 0634 4393 9157 9683 36) was shipped and delivered in March, 2005, months after this action was initiated.[3] Personal jurisdiction in patent infringement actions, however, must be determined as of the date the Complaint was filed. **Agilent Technologies, Inc. v. Micromuse, Inc.**, 316 F.Supp.2d 322, 325 (E.D. Va. 2004); **Archer Daniels Midland Co. v. Ralston Purina Co.**, 321 F.Supp. 262, 264 (S.D. Ill. 1971).

Moreover, the identity of the purchaser is a cause for serious concern. Although the name of the purchaser is partially obscured, it identifies "MR. BRIAN A GOM—" at 1501 N. Rodney St., Wilmington, DE 19806. (CAB Ex. A). A review of the telephone directory,

---

[2] Throughout his brief, Mr. Chung makes statements which are not supported by any sworn evidence, testimonial or documentary. Rather than take up space by listing each such incident, Lumatec asserts a blanket objection to all such statements and references to documents, and challenges the validity or authenticity thereof as being unsupported by credible evidence.

[3] The Court may take judicial notice of the contents of government web sites, *see* **Denius v. Dunlap**, 330 F.3d 919, 926 (7th Cir. 2003), and Lumatec requests that the Court take judicial notice of the content of the web site of the United States Postal Service. F.R.E. 201(d).

the relevant page of which is appended hereto as Exhibit B[4], reveals that a Brian A. Gomez resides at 1501 N. Rodney Street. Underneath his residential listing is a listing for him as an attorney practicing at 1105 N. Market Street, telephone number 426-0610. A review of Martindale-Hubbell, the relevant section of which is appended hereto as Exhibit C[5], reveals that Mr. Chung's law firm is located at 1105 N. Market Street, telephone number 426-0610, and one of the members of that firm is named Brian A. Gomez.

The inescapable conclusion is that Mr. Chung's lawyers ordered a product from Solutions after Lumatec filed its motion to dismiss and claimed it to be the Octopus (without the benefit of a sworn statement) in an attempt to show that the Octopus had been sold into Delaware. Unfortunately for Mr. Chung, engaging in such an action to assert personal jurisdiction has been rejected by this Court.

In **Intel Corp.**, the plaintiff's Delaware lawyers purchased the product after the action had been initiated. The Court adopted the rule set forth by several other courts that "a single transaction initiated by a plaintiff after the filing of a complaint is not sufficient to establish jurisdiction," and concluded that the defendant's sale of an allegedly infringing product to Delaware counsel "does not amount to transacting business in Delaware." 20 F.Supp.2d at 697.

---

[4] The Court may take judicial notice of the contents of telephone directories, **U.S. v. Ramey**, 559 F.Supp. 60, 64 (E.D. Tenn. 1981), and Lumatec requests that the Court do so here. F.R.E. 201(d).

[5] Lumatec requests that the Court take judicial notice of the contents of the Martindale-Hubbell directory. F.R.E. 201(b, d).

The **Intel Corp.** case was cited in Lumatec's opening brief, and so Mr. Chung cannot claim ignorance of this law. Further, the concealment of the fact that it was Mr. Chung's lawyers who purchased whatever they purchased from Solutions highlights the fact that Mr. Chung has never had any evidence that the Octopus has ever set a tentacle in Delaware.[6]

### B. LUMATEC'S DISCOVERY RESPONSES DID NOT INHIBIT MR. CHUNG'S ABILITY TO PROVE JURISDICTION.

Mr. Chung complains that Lumatec did not properly respond to discovery requests, and that this impaired his ability to prove jurisdiction. Of course, this argument is undercut by the fact that Mr. Chung never had a good faith basis for the filing of the Complaint in Delaware. In any event, Mr. Chung's defensive attempt to lay the blame at Lumatec's feet is misguided.[7]

Mr. Chung first accuses Lumatec of not providing the names of its retailers. However, Mr. Chung never requested the names of its retailers, only its distributors. (LOB Ex. C). There is a difference. A "distributor" is a person or entity "which stands between the

---

[6] In light of the complete lack of evidence of any sales of the Octopus in Delaware, and the uncontradicted evidence that Lumatec's website which advertised the Octopus, www.logolights.com, was an advertising only site, with no ability to effect online sales, Mr. Chung's statement that "Lumatec also sells their infringing hand tools to Delaware consumers via their own websites and re-seller websites" (CAB 7) is false, and knowingly so.

[7] On February 18, 2005, the Court entered an Order granting jurisdictional discovery and setting a discovery cut-off date of March 25, 2005. (D.I. 10). Mr. Chung did not issue any discovery until March 2, some two weeks later. (D.I. 12). Mr. Chung did not seek to depose Lumatec, did not seek third-party discovery from retailers known to it, and did not contact counsel for Lumatec to object to any responses provided by Lumatec. Further, it does not appear that Mr. Chung contacted any of the identified Delaware customers or, if he did, that they had any information helpful to him.

manufacturer and the retail seller in purchases, consignments, or contracts for sale of consumer goods. A wholesaler." **Black's Law Dictionary** 427 (5th ed. 1979). Lumatec truthfully responded that it had no distributors as it distributed the products itself directly to retailers. (LOB Ex. C at 2). It was not incumbent upon Lumatec to divine Mr. Chung's subjective interpretation that equates distributors with retailers.

Mr. Chung next complains that Lumatec could not identify whether any of the recipients of the premium catalogue that advertised the Octopus were in Delaware. (CAB 4). Lumatec stated in its discovery response that this catalogue was a special mailing and that it did not keep records of the recipients. Mr. Altman stated in his supplemental declaration that he believed that one of the catalogues was sent to Delaware. Yet Mr. Chung asks this Court to speculate that all of Lumatec's Delaware customers received the catalogue in question, apparently even those who had not done business with Lumatec in several years.[8] Mr. Chung's burden of establishing personal jurisdiction "simply cannot be discharged by suggestions, possibilities, speculation, conjecture or surmise." **Brown v. Geha-Werke GmbH**, 69 F.Supp.2d 770, 776 n.6 (D.S.C. 1999). *Accord* **Dotzler v. Perot**, 899 F.Supp. 416, 423 (E.D. Mo. 1995), *aff'd mem.*, 124 F.3d 207 (8th Cir. 1997).

---

[8]

Mr. Chung notes that documents provided to it by Lumatec indicate that some Delaware customers received catalogues. (CAB 4). This is correct. However, as made clear in the discovery responses and Mr. Altman's declarations, the Octopus was never advertised in Lumatec's standard retailer catalogue, but appeared only one time in a special premium catalogue in 2004. In any event, Mr. Chung had ample time prior to Lumatec's filing its renewed motion to dismiss to contact the Delaware customers, which were disclosed, and make further inquiries.

Mr. Chung next questions Mr. Altman's statement that Lumatec "does not participate in any joint marketing of the products with the retailers to whom [products] are sold." (CAB 5). While Mr. Chung may find the statement "hard to understand" (**id.**), in the absence of any contradictory evidence the statement must be accepted as true and unrefuted. Indeed, Mr. Chung implicitly concedes the correctness of Mr. Altman's assertion by his repeated reference to "independent" retailers.

Mr. Chung's arguments amount to little more than hyperbole and wishful thinking, and do not justify the assertion of personal jurisdiction over Lumatec in the absence of any evidence that Lumatec played any role, directly on indirectly, in the sale of even one Octopus into Delaware.

### C. LUMATEC DOES NOT TRANSACT ANY BUSINESS IN DELAWARE THAT GIVES RISE TO PERSONAL JURISDICTION.

Lumatec appears to concede that there is no basis for the assertion of personal jurisdiction over Lumatec pursuant to 10 **Del. C.** §3401(c)(1), in that the legal argument section of his brief does not address that section, and focuses instead on Sections (c)(3) and (c)(4). Nonetheless, Mr. Chung does argue in favor of a stream of commerce theory of jurisdiction, even in the absence of any evidence (a) that any Octopuses were sold into Delaware (except the one counsel for Mr. Chung purchased), or (b) that Lumatec played any role in any sale into Delaware.

The fact that there is no evidence that the Octopus was ever sold into Delaware is alone fatal to and dispositive of Mr. Chung's stream of commerce argument (and distinguishes this case from those cited by Mr. Chung). In any event, Mr. Chung labors

under a fundamental misunderstanding of the stream of commerce theory, as demonstrated by this passage in his answering brief:

> Defendant cannot hide behind its distribution network, claiming it does not know where the infringing products are sold once they are shipped to the 'independent retail stores.' If defendant's arguments were accepted, any defendant could avoid personal jurisdiction in any particular state by placing goods in the stream of commerce through resellers in another state, then claiming not to know where the resellers do business. Such resellers could then direct their advertisements and make sales to consumers in all of the states without targeting any one state in particular. This is not the case.

(CAB 6).

First, the stream of commerce theory does not apply to direct sellers, such as retailers. If a non-resident retailer markets and sells an infringing product into Delaware, resort to the stream of commerce is unnecessary, as personal jurisdiction would be appropriate pursuant to 10 **Del. C.** §3104(c)(2), pertaining to contracting to supply services or things in Delaware, as well as 10 **Del. C.** §3104(c)(1), pertaining to transaction of business in Delaware, as a single direct sale of an infringing product would satisfy Section 3104(c)(1).

The stream of commerce theory applies only in the case of indirect sales, as a means to obtain jurisdiction over distributors and manufacturers who did not directly sell the infringing product into Delaware. However, contrary to Mr. Chung's misunderstanding, the mere fact that a non-resident manufacturer or distributor played a role in the chain of commerce is not of itself a sufficient basis for the assertion of due process, even if they manufacturer or distributor knows that the products are likely to end up in Delaware. Under the law as applied in this District, there must be some additional conduct on the part of the

7

manufacturer or distributor which indicates an intent to serve the Delaware market specifically (as opposed to Delaware merely as part of the overall United States market). **Mendelson v. Delaware River & Bay Authority**, 56 F.Supp.2d 436, 441 (D. Del. 1999); **ICT Pharmaceuticals, Inc. v. Boehringer Ingleheim Pharmaceuticals, Inc.**, 147 F.Supp.2d 268, 272 (D. Del. 2001).

Mr. Chung has not identified, and cannot identify, any conduct by Lumatec demonstrating an intent to serve the Delaware market specifically with respect to the Octopus. As such, his argument fails.

### D. LUMATEC DID NOT CAUSE TORTIOUS INJURY IN DELAWARE BY AN ACT OR OMISSION IN DELAWARE.

Section 3104(c)(3), relating to the assertion of personal jurisdiction where a non-resident "[c]auses tortious injury in the state by an act or omission in this State," is deemed to be a "specific jurisdiction" provision, meaning that the cause of action must arise from the act conferring personal jurisdiction. **Sears, Roebuck & Co. v. Sears plc**, 744 F.Supp. 1289, 1292 (D. Del. 1990).

As there is no evidence that Lumatec performed any act in Delaware while present in Delaware, there is no act which can confer jurisdiction, and so any argument based on Section 3104(c)(3) is frivolous and must fail.[9]

---

[9] For the same reason, Mr. Chung's reliance on **North American Philips Corporation v. American Vending Sales, Inc.**, 35 F.3d 1576 (Fed. Cir. 1994), is unavailing. That case involved importation in and sale to the forum state, Illinois, which is not present here.

### E. LUMATEC DOES NOT ENGAGE IN A PERSISTENT COURSE OF CONDUCT IN DELAWARE.

In its opening brief, Lumatec established that over the years it has done a small amount of business with a small number of customers in Delaware, amounting to less than one half of one per cent of its total annual revenues in any given year (LOB 9-10), which amount does not meet the higher standard required for asserting general personal jurisdiction based on a persistent course of conduct in Delaware under Section 3104(c)(4).

Mr. Chung does not address this point, but makes the strange comment that "Lumatec's knowing and purposeful shipments of *monitors* through established distribution channels - made all the more intentional by Lumatec's continuing to do so despite actual notice of its infringement and this litigation – satisfied the act requirement of §3104(c)(4)." (CAB 17-18, italics added).

Of course, there is no evidence that Lumatec ships monitors (much less the Octopus) to Delaware. Further, there is no evidence of any distribution channel as to products supplied by Lumatec to retailers who in turn sell to customers in Delaware. Third, the mere sale of unrelated products to Delaware is not itself sufficient without any analysis of the quantity, which, as previously noted, is below the minimum threshold recognized in this District. ***See* Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.**, 295 F.Supp.2d 400, 405 (D. Del. 2002) (less than 1% of revenues is inadequate to satisfy Section 3104(c)(4)). In any event, the use of distribution channels, *i.e.*, the stream of commerce theory, may not be invoked under Section 3104(c)(4), as the stream of commerce theory is a theory of specific

9

jurisdiction, and Section 3104(c)(4) is a general jurisdiction section. **Merck & Co., Inc. v. Barr Laboratories, Inc.**, 170 F.Supp.2d 368, 373-74 (D. Del. 2002).

Mr. Chung appears to confusing and improperly melding the stream of commerce theory along with Sections 3014(c)(3) and (c)(4).  Under Section 3104(c)(3), Mr. Chung must demonstrate that Lumatec was generally present in Delaware as of the time the Complaint was filed, either through a persistent course of conduct or through receiving substantial revenues from Delaware.

Of the twelve identified customers of Lumatec (LOB Ex. B at ¶2), Lumatec had ceased doing business with eight of them by mid-2003, and Lumatec had ceased doing business with seven of those eight by mid-2001. This left only four customers since mid-2003, and revenues derived from Delaware in each year since 1996 equaled less than one half of one percent.  This does not meet the stricter standard required for the assertion of general jurisdiction under Section 3104(c)(4), and so personal jurisdiction may not be premised on this section.

### F.    THE ASSERTION OF PERSONAL JURISDICTION DOES NOT COMPORT WITH DUE PROCESS.

In the absence of any evidence of any sales of the Octopus into Delaware, Mr. Chung's only hope for personal jurisdiction is Section 3104(c)(4). However, Lumatec has had only a handful of customers in Delaware and has had sales totaling less than ½ of 1% of its total revenues coming from Delaware.  There is no evidence of Lumatec having any employees, bank accounts or real estate in Delaware, and no Lumatec employees, officers or agents have traveled to Delaware on business.

In light of these insignificant contacts with Delaware, and light of the fact that, with no sales of the Octopus in Delaware, Delaware has no particular interest in this case, the assertion of personal jurisdiction over Lumatec would not comport with due process. **Id.** at 375.

      **G.    LUMATEC SHOULD BE AWARDED ITS ATTORNEY'S FEES BECAUSE OF PLAINTIFF'S UNJUSTIFIED ATTEMPT TO EXERCISE PERSONAL JURISDICTION IN DELAWARE.**

In its opening brief, Lumatec demonstrated that Mr. Chung had no justification for filing suit in Delaware. That fact has now been brought into extreme relief by Mr. Chung's attempt to fabricate jurisdiction by having his law firm purportedly purchase the Octopus (although there is no credible, admissible evidence proving exactly what was purchased) after the Complaint was filed, and by failing to disclose the fact that the purchaser is an attorney working in Mr. Chung's law firm.

Mr. Chung filed suit in Delaware knowing that he had no evidence of any infringement in Delaware. It would have been a simple matter, no less burdensome to Mr. Chung, who resides outside of the United States, to file suit in Texas, where Lumatec is incorporated and has its offices. When the jurisdictional issue was raised, Mr. Chung did not take the honorable route and dismiss the case, or even stipulate to a transfer to Texas. Instead, his lawyers ginned up a supposed post-filing sale, and attempted to foist that on the Court as evidence supporting jurisdiction in Delaware, without disclosing the relationship of the purchaser, and even though the case law rejecting that approach had been cited to him. One can only assume that the motive behind this behavior was to continue to exert economic pressure on Lumatec in the hope of compelling a settlement. This bad faith conduct should

not be tolerated, and Lumatec should be awarded its attorney's fees. *Cf.* **Beck v. Atlantic Coast PLC**, 868 A.2d 840 (Del. Ch. 2005) (awarding attorney's fees, among other sanctions, for bad faith conduct).

**II.        THIS ACTION SHOULD BE TRANSFERRED TO TEXAS.**

Mr. Chung does not argue the merits of Lumatec's transfer motion, but merely states that, in the absence of jurisdiction in Delaware, the Court should transfer the case rather than dismiss it. (CAB 18).

Lumatec respectfully suggests that in light of Mr. Chung's improper conduct in attempting to concoct personal jurisdiction in Delaware where there is none, Mr. Chung should not be entitled to the convenience of a transfer, and the action should be dismissed. If, however, the Court is not inclined to dismiss the action, the action should be transferred to Texas for the undisputed reasons set forth in Lumatec's opening brief.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, as well as the reasons stated in its opening brief, defendant Lumatec Industries, Inc. respectfully requests that the Court dismiss (or, in the alternative, transfer) this action, and award defendant its attorney's fees.

                Respectfully submitted,

                /s/ David L. Finger
                David L. Finger (DE Bar ID #2556)
                Finger & Slanina, LLC
                One Commerce Center
                1201 Orange Street, Suite 725
                Wilmington, DE 19801-1155
                (302) 884-6766
                Attorney for defendant Lumatec Industries, Inc.

Dated: April 18, 2005

**CERTIFICATE OF SERVICE**

I, David L. Finger, hereby certify that on this 18th day of April, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

>Mark C. Gregory, Esq.
>Huntley & Associates
>1105 N. Market St., Suite 800
>Wilmington, DE 19801

>/s/ David L. Finger
>David L. Finger (DE Bar ID #2556)
>Finger & Slanina, LLC
>One Commerce Center
>1201 Orange Street, Suite 725
>Wilmington, DE 19801-1155
>(302) 884-6766