IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHIH-WEN CHUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 04-1451-SLR |
| | ) | |
| LUMATEC INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

At Wilmington this 3rd day of June, 2005, having reviewed defendant's motion to dismiss for lack of personal jurisdiction or to transfer, and the papers submitted in connection therewith;

IT IS ORDERED that said motion to transfer (D.I. 15) is **granted** for the reasons that follow:

1. **Background facts.** On December 28, 2004, defendant moved to dismiss or transfer the complaint. (D.I. 6) Plaintiff opposed the motion on the basis of incomplete jurisdictional discovery. (D.I. 8) The court agreed and denied defendant's motion without prejudice to renew after the completion of mandatory jurisdictional discovery. (D.I. 10) Accordingly, the parties exchanged discovery. (D.I. 11 - 14) On April 13, 2005, defendant filed a renewed motion to dismiss or to transfer, to which plaintiff responded requesting that the motion to transfer

be granted.[1]  (D.I. 15, 16, 17, 18)

2.  **Standard of review.**  Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice.  Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp.2d 192, 208 (D. Del. 1998).

3.  The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail".  ADE Corp. v. KLA-Tencor Corp., 138 F. Supp.2d 565, 567 (D. Del. 2001); Shutte, 431 F.2d at 25.

4.  The deference afforded plaintiff's choice of forum will

---

[1] Defendant has thoroughly addressed and plaintiff has filed opposition to the motion to dismiss for lack of personal jurisdiction; however, in light of the court's analysis of the transfer issue, review of this argument is unwarranted.

apply as long as a plaintiff has selected the forum for some legitimate reason. C.R. Bard, Inc. v. Guidant Corp., 997 F. Supp. 556, 562 (D. Del 1998); Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc., 2001 WL 1617186 (D. Del. Nov. 28, 2001); Continental Cas. Co. v. American Home Assurance Co., 61 F. Supp.2d 128, 131 (D. Del. 1999). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." In re M.L.-Lee Acquisition Fund II, L.P., 816 F. Supp. 973, 976 (D. Del. 1993).

5.   The Third Circuit Court of Appeals has indicated that the analysis for transfer is very broad. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Although emphasizing that "there is no definitive formula or list of factors to consider," id., the Court has identified potential factors it characterized as either private or public interests. The private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial

condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Id. (citations omitted).

6. The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." Id. (citations omitted).

7. **Analysis.** Defendant moves to transfer to the Western District of Texas and plaintiff does not object. Although not conceding that personal jurisdiction is deficient, plaintiff argues that transfer to Texas is warranted. The undisputed record reflects that plaintiff is a citizen of Taiwan, Republic of China. (D.I. 16) Plaintiff is the owner of three patents[2] that he alleges have been infringed by defendant's product the "Octopus." (D.I. 17) Defendant is a Texas corporation with its office located in Austin, Texas. (D.I. 16) All officers,

---

[2]United States Patent Nos. 5,803,584, 6,511,199 and D,415,944. (D.I. 17)

4

employees, records and documents are located in Texas. Although defendant solicits internet sales in Delaware, its sales into Delaware represent less than 1% of its total annual sales. (Id. at Ex. A, Ex. B) Applying Jumara to this record, the court finds transfer to the Western District of Texas is appropriate.

8. **Conclusion.** For the reasons stated,

IT IS ORDERED that:

1. The motion to transfer is **granted.** (D.I. 15)

2. The Clerk of Court is directed to transfer this case to the United States District Court for the Western District of Texas.

                                    _____
                                         United States District Judge